MARY JEWELL *vs.* GEORGE F. JEWELL.

Somerset.    Opinion February 11, 1892.

*Jury.    Disinterested.    R. S., c. 1, § 6, rule 22 ; c. 82, § § 80, 88.*

A juror was related to the plaintiff within the fourth degree and to the defendant within the fifth degree according to the rules of the civil law. But neither the plaintiff nor the defendant had knowledge of this fact, nor was the juror made aware of it, until after the verdict.  *Held,* that the juror was not " disinterested " and not a legal member of the panel ; and that under our statutes the plaintiff is entitled to a new trial as a matter of law.

ON MOTION.

Real action in which a verdict was rendered for the defendant. The plaintiff seasonably filed a motion to have the verdict set aside because William Ballantine, one of the jurors, was related to her within the sixth degree, and the relationship was unknown to her until after verdict ; and that she never consented or waived her right to said juror sitting in the case.

The testimony of the juror, taken in support of the motion, was reported to this court by the presiding justice.

*J. Wright,* for plaintiff.

*Walton and Walton,* for defendant.

WHITEHOUSE, J.   In an action against her son for the alleged failure to perform his contract for her support, the plaintiff had a verdict against her, and moved to set it aside on the ground that one of the jurors, who rendered the verdict, was disqualified by his relationship to the parties.

It appears that the juror's mother and the plaintiff's mother were sisters.   The juror was, therefore, related to the plaintiff within the fourth degree, and to the defendant within the fifth degree according to the rules of the civil law.

In his classification of challenges to the polls, Lord Coke says of the challenge *propter affectum* that the right exists ; "If the juror be of blood or kindred to either partie, *consanguineus*, which is compounded *ex con and sanguine, quasi eodem sanguine natus*, as it were issued from the same blood ; and this is a principal challenge ; for that the law presumeth, that one kinsman doth favor another before a stranger, and how far remote soever he is of kindred, yet the challenge is good.   And if the plaintife challenge a juror for kindred to the defendant, it is no counterplea to say that he is of kindred also to the plaintife, though he be in nearer degree ; for the words of the *venire facias* forbiddeth the juror to be of kindred to either partie."   Co. Litt. 157, (a).

But there are several provisions of our statute touching this subject.   Rule XXII, § 6, c. 1, R. S., provides that, "When a person is required to be disinterested or indifferent in a matter in which others are interested, a relationship by consanguinity or affinity within the sixth degree according to the civil law, or within the degree of second cousin inclusive, except by written consent of the parties, will disqualify."

Section 80, c. 82, R. S., declares that, "The court, on motion of either party in a suit, may examine, on oath, any person called as a juror therein, whether he is related to either party, has given or formed an opinion, or is sensible of any bias, prejudice, or particular interest in the cause ;" and if he does not stand indifferent he may be set aside.   And section 88 of the same chapter provides that, "If any party knows any objection to a

juror in season to propose it before trial, and omits so to do, he shall not afterwards make it, unless by leave of court for special reasons."

In the case at bar, the court informed the jury before the commencement of the trial who the parties to the suit were and explained that, if any member of the panel was related to the parties within the degree of second cousin, he would be disqualified to sit and must step aside. But it appears from the admissions in the report that neither the plaintiff nor the defendant had any knowledge that this kinsman was a member of the panel until after the verdict; and the juror testified that he had not seen the Jewells since his childhood, and did not recognize the parties in the court room and hence was not made aware of his relationship until after the trial had concluded.

In *Woodward*. v. *Dean*, 113 Mass. 297, it appeared that Henry Macomber, one of the jurors, was the husband of the plaintiff's niece, but that the defendant was personally unacquainted with Macomber and did not know that he was on the panel until after the trial. It further appeared that the defendant had not availed himself of the opportunity offered by the Massachusetts statute (in substance the same as § 80, c. 82, R. S., *supra*) to have the members of the panel examined before the trial respecting their relationship to the parties, and the court said : " A party against whom a verdict has been rendered, who has not seasonably availed himself of the means of inquiry thus afforded him, may indeed, upon proof to the satisfaction of the court that the juror did not stand indifferent, by reason of facts unknown to the party until after the verdict, be granted a new trial or review at the discretion of the court; but he is not entitled to it as a matter of law, and has no right of exception if it is refused." But there appears to be no statute in Massachusetts which like ours rigidly prescribes one of the limits of disqualification. In the absence of such a statute, the prevailing rule of the common law undoubtedly is that a new trial will be granted only when the court, in the exercise of a sound discretion, deems it reasonable and proper in the furtherance of justice.

In such case, one of the principal inquiries would obviously

be whether the aggrieved party has exercised reasonable dili-
gence to ascertain the qualifications of the jurors; for the rule
is definitely settled that a party, who is aware of any circum-
stance affecting the competency of a juror, is bound to make his
objection by way of challenge before that juror is sworn, other-
wise he will be deemed to have waived it.   *Wassum* v. *Feeney*,.
121 Mass. 93; *Jefferies* v. *Randall*, 14 Mass. 205; Thompson:
and M. on Juries, § 302, and authority cited.

A waiver involves the idea of assent; and assent is primarily-
an act of the understanding.   We cannot assent to a proposi-
tion without some intelligent apprehension of it.   It presupposes
that the person to be affected has knowledge of his rights but
does not wish to enforce them.   He cannot properly be said to,
waive that of which he has no knowledge.

In the case at bar, the juror in question was undoubtedly disquali-
fied and would have been excused if the relationship had been
disclosed at the trial and the objection been seasonably made..
But the plaintiff was not apprised of the relationship until after·
the verdict; she could not make the objection until she had'
knowledge of the fact.   The statute explicitly and absolutely-
declares that relationship within the sixth degree "will dis-
qualify."   Under that statute William Ballentine was not "dis-
interested," and was not a legal juror.   The plaintiff had a con-
stitutional right to a trial by a legal jury.   She has not will-
ingly submitted to a trial by any other than legal jurors and she
is now entitled to a new trial as a matter of law.   *Hardy* v.
*Sprowle*, 32 Maine, 311; *Quinn* v. *Halbert*, 52 Vt. 353.

If the institution of trial by jury is to retain the confidence
of the court and respect of the people as a reliable and efficient
agency for the investigation of facts and discovery of truth, not
only must the municipal authorities charged with the duty of
revising the list of jurors carefully heed the requirement of the
statute to "take the names of such persons only as are of good
moral character, of approved integrity, of sound judgment, and
well informed," and otherwise qualified under the constitution
and the laws, but the courts must continue to exercise no less
care to preserve all the safeguards which the law has placed

around it. "All questions touching the formation of juries," said Coleridge, J., in *O'Connell* v. *Reg.* 11 Cl. & Fin. 353, "must be examined by the judges with very critical eyes."

Verdict set aside.   New trial granted.

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.