### J. W. COOPER v. STATE.

No. A-4288.   Opinion Filed June 21, 1924.
(226 Pac. 1066.)

(Syllabus.)

1.   **Perjury—Information—Unnecessary to State that Affidavit of Surety to Supersedeas Bond was Material.** In an information

charging perjury by making false statements as to property qualifications, as a surety in an affidavit attached to a supersedeas bond, in a civil action, it was not necessary to state in terms, in the information, that the affidavit was material; that would have been a mere conclusion. The facts pleaded, under the statutes defining the offense, sufficiently showed the materiality of the false averments contained in the affidavit.

(a) Section 889, Comp. St. 1921, provides that any person willfully making a false affidavit in such undertaking is guilty of perjury, and shall be punished accordingly.

2. **New Trial—Jury—Disqualification of Juror for Alienage not Invalidating Judgment—Failure to Question Juror's Qualifications Waiver of Objection—Granting New Trial Discretionary.** The disqualification of alienage is cause for challenge of a juror propter defectum, on account of personal objection, and if, voluntarily, or through negligence or want of knowledge, such objection fails to be insisted on, the conclusion that the judgment is thereby invalidated is wholly inadmissible. The defect is not fundamental, as affecting the substantial rights of the accused, and the verdict is not void for want of power to render it.

(a) It is the duty of the defendant to question the jurors on their voir dire as to their qualifications; and if he fails to do so, he waives any objections on that point, even though the disqualification is unknown to him until after the rendition of the verdict.

(b) The granting of a new trial in such case is a matter of discretion.

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

J. W. Cooper was convicted of perjury, and he appeals. Affirmed.

A. L. Harris and T. H. Davidson, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J. J. W. Cooper, plaintiff in error, in this opinion referred to as the defendant, was by information charged with having, on the 14th day of September, 1917, made a false affidavit before a notary public as to his quali-

fications as a surety on a supersedeas bond in a civil action then pending in Muskogee county; that this false affidavit was made knowingly, willfully, and corruptly, for the purpose of deceiving the court clerk, whose duty it was to approve such bond, and that the statements made by the defendant concerning the property listed in said affidavit were false and by him known to be false at the time. The defendant challenged the sufficiency of this information by objecting to the introduction of evidence on the part of the state.

Section 885, Compiled Statutes 1921, provides that a ministerial officer (court clerk), whose duty it is to take surety in any undertaking provided by the code of civil procedure or the statutes, shall require the person offered as surety to make an affidavit of his qualifications, which affidavit may be made before such officer, and which shall be indorsed upon or attached to the undertaking. Section 889, Id., provides that any person willfully making a false affidavit in such undertaking is guilty of perjury, and shall be punished accordingly.

The information sets out, at considerable length, all the facts necessary to apprise the defendant of the nature of the accusation. Since it was the duty of the court clerk to require such an affidavit before approving the bond, the making of such affidavit was a necessary and material step in a judicial proceeding, made so by statute; and whether the affidavit was sworn to before the court clerk, or before a notary public, would make no difference. The authorities cited by the defendant in his brief, for the most part relating to nonjudicial proceedings, are not applicable to the situation disclosed by this record.

It was not necessary to state, in terms, in the information that the affidavit was material; that would have been a

mere conclusion. The facts pleaded, under the statutes quoted, sufficiently showed the materiality of the false averments contained in the affidavit.

The defendant next contends that the verdict and judgment based thereon are void because one of the jurors who rendered the verdict was not a qualified elector of the state, and was not a citizen of the United States, but was an alien.

The fact that one of the jurors was an alien was not known to either party until after the conclusion of the trial, and this objection was first urged in the supplemental motion for a new trial, and later in a motion in arrest of judgment. In these proceedings it appeared that one of the jurors, Fred Bennett, had filed his declaration of intention of becoming a citizen of the United States before this trial, but had not taken out his second or final papers, and had not been declared and adjudged a citizen of the United States by the United States court at the time of the trial; and that, at the time of the rendition of judgment, he was a citizen of Great Britain.

A. L. Harris, attorney for the defendant, upon the hearing of the supplemental motion for a new trial, testified as follows, with reference to the interrogating of prospective jurors in this case:

"Q. You say that you didn't ask the juror Bennett, on your examination of him, where he was born? A. My recollection is that I didn't ask any question of the jury—that you qualified the jury, and they said they knew nothing about the case, and I didn't ask any questions of the jury as a whole, or any particular juror.

"Q. Are you positive of that? A. That is my best recollection.

"Q. In other words, then, you say you declined to ask any questions of the jury? A. I don't think I asked any questions whatever.

"Q. You had the opportunity to, did you not? A. I presume so.

"Q. Oh, you had it, did you not? A. Yes."

The trial court, upon the hearing of this supplemental motion for a new trial, stated that, prior to the trial, and at the same term of court, in commenting upon and reading the statutory requirements of qualifications of jurors he pointed out to the members of the jury, including this juror, they must all be male citizens, having the qualifications of electors, citizens of the United States, and residents of the state of Oklahoma for a year, and of Muskogee county for a period of six months; that he addressed the jurors as a body by asking if any one was disqualified, and that none said anything signifying that he was disqualified.

An objection that one of the jurors is an alien should be taken by challenging his competency. It is the duty of the defendant to question the jurors on their voir dire as to their qualifications, and if he fails to do so, he waives any objection on that point, even though the disqualification is unknown to him until after the rendition of the verdict. The granting of a new trial, in such case, is a matter of discretion. 16 Corpus Juris, 1158.

The disqualification of alienage is cause for challenge propter defectum, on account of personal objection, and if, voluntarily or through negligence or want of knowledge, such objection fails to be insisted upon, the conclusion that the judgment is thereby invalidated is wholly inadmissible. The defect is not fundamental, as affecting the substantial rights of the accused, and the verdict is not void for want of power to render it. Kohl v. Lehlback, 160 U. S. 293, 16 Sup. Ct. 304, 40 L. Ed. 432; Chase v. People, 40 Ill. 352; Presbury v. Commonwealth, 9 Dana (Ky.) 203; Commonwealth v. Penrose, 27 Pa. Super. Ct. 101.

A defendant will not be permitted to speculate on the result of a verdict to be rendered by a jury of which some member may be disqualified, and later challenge the verdict if, perchance, it should not be to his liking. The defendant must exercise diligence to ascertain the qualifications of jurors at the time they are examined for that purpose. Queenan v. Territory of Okla., 11 Okla. 261, 71 Pac. 218, 61 L. R. A. 324; Id., 190 U. S. 548, 23 Sup. Ct. 762, 47 L. Ed. 1175; (Raub v. Carpenter, 187 U. S. 159, 23 Sup. Ct. 72, 47 L. Ed. 119; Papernow v. Standard Oil Co. (D. C.) 228 Fed. 400.

The general rule of inhibiting allowance of a new trial for matter constituting a principal cause of challenge to a juror; existing before the juror was selected and sworn, unknown to the complaining party until after the verdict, not disclosed on a thorough voir dire examination, and undiscoverable by the exercise of ordinary diligence, unless it appears from the whole case that the complainant suffered injustice by reason of the disqualification, applies to criminal cases. State v. Harris, 69 W. Va. 244, 71 S. E. 609, 50 L. R. A. (N. S.) 933, 973, Ann. Cas. 1913A, 889.

While the decisions are not unanimous on this question, the great weight and trend of modern authorities is as above stated. For a more exhaustive treatment of the authorities, see note on Alien Jurors, 50 L. R. A. (N. S.) 973.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.