## W. R. PERRY v. STATE.

No. A-5907.   Opinion Filed July 30, 1927.
Rehearing Denied Oct. 8, 1927.
(259 Pac. 657.)

John L. Gilson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Texas county on a charge of the fraudulent destruction of insured property and was sentenced to serve a term of four years in the state penitentiary. Section 2168, Comp. St. 1921.

Briefly stated, the facts are about as follows: Defendant had been in partnership with one Swanson in the manufacture and storage of ice at the city of Guymon. They had owned a large building there in which the business had been carried on. Defendant sold his interest in the business to Swanson, who assumed the outstanding debts and in addition gave defendant his note in the sum of $1,200, which note was secured by a

mortgage on the building. At the time of the sale of defendant's interest to Swanson there was an insurance policy of $4,000 on the building, and thereafter two other policies for $1,000 each were taken out with a mortgage clause attached, which provided that in case of loss from fire defendant should receive payment of his note prior to the other indebtedness.

About 2:30 a. m., on the day charged, an explosion was heard and the insured building burst into flames. A man with a part of his clothing on fire was seen to run from the building and go in the direction of defendant's home, about four blocks away. Various persons, including the sheriff and others, were soon at the scene of the fire, and Ben Marlott and O. L. Clark went to defendant's home; a light was burning as they approached, and as they entered the yard it was turned off and the curtains drawn. These parties returned to defendant's home again about 7:30 and were invited in by defendant's wife. Defendant was sitting in a chair heavily bandaged about his hands and face, and his wife explained that he had been burned about 7:30 the evening before by an oil stove. The witnesses testified that on their first visit no oil stove was in the yard, but on the second visit they were shown an oil stove in the yard. They further stated on the second visit they saw a sweater and shirt which had been recently burned, and also a pair of shoes soaked in gasoline, belonging to defendant. The defendant did not take the stand and offered no evidence.

The first contention made is that the evidence is insufficient to sustain the verdict and judgment. With this contention we wholly disagree. We find the evidence amply sufficient to support the judgment, and fail to see how the jury could have arrived at a different verdict.

Various other assignments of error are set out in the brief. Several of these, however, are merely stated and

are not supported by any argument or citations to the record or authorities. They are not jurisdictional nor fundamental and are deemed waived.

Complaint is made that the court reporter who reported the proceedings did so without making, subscribing, and filing the oath of office as is required by law. The record in support of this contention is not cited, and no evidence supporting it given. Nor is it claimed the proceedings were not correctly reported, and in no instance are we referred to any matter contained in the record which is claimed to be incorrect. We indulge the presumption that all officers before entering upon their duties are properly qualified. Also, an improper remark of the court in the hearing of the jury panel is claimed as error, but we have not been able to discover the remark complained of in the record. It is also urged that the court erred in permitting the introduction of evidence procured by an illegal search. This is directed to evidence concerning a certain sweater and shirt and shoes which had been partially burned, discovered in the residence of defendant after the fire and removed therefrom during his absence. The trial court, however, refused to permit these articles to be introduced in evidence, and while they were produced and identified, yet under the entire record it is not error materially prejudicial to defendant. Error is also claimed for failure of the trial court to discharge the juror Geist. Upon this contention the record discloses that this juror lived at Tyrone and was a member of the regular panel. He had been examined on his voir dire, but the jury had not been impaneled, and during an overnight adjournment of the court the sheriff took one of the principal witnesses for the state, Marlott, from Guymon to his home at Liberal, Kan., where he stayed over night and returned with him the next day. This witness rode with the sheriff in the front seat of the sheriff's car, and just before starting the sheriff observed this juror on the street and in-

vited him to ride to Tyrone. He got in the back seat and did so and got out at his home at Tyrone, and on the following day rode back to Guymon with the sheriff and juror. The only mention of the case was when the witness asked the sheriff how long it would likely take to try it, and the sheriff cautioned him not to discuss the matter. The juror has filed an affidavit that he had heard nothing about the case and entered into it without any impression and with an entirely open mind. We do not approve the act of the sheriff in taking the prospective juror and a witness as was done, but no prejudice by reason of this is shown, and the irregularity is not material. Jones v. State, 8 Okla. Cr. 576, 129 P. 446; Horton v. State, 10 Okla. Cr. 294, 136 P. 177; Elkins v. State, 29 Okla. Cr. 175, 233 P. 491; Lively v. State, 22 Okla. Cr. 27, 211 P. 92.

It is also argued that the verdict is invalid for the reason that the juror Walker was a nonresident of the state and a resident of the state of Texas. No voir dire examination of this juror is shown. The record does show by affidavits in support of a supplemental motion for new trial that this juror had resided in Texas county for some 20 years and owned a farm near Texhoma, had always voted in this state, but some 2 years prior had moved to the Oklahoma side of the town of Texhoma in order to school his children. That he owned no property in the state of Texas, but his son's wife had become the owner of a house on the Texas side by reason of the distribution of an estate and in order to save rent a short time before the trial he moved to that house; that he never intended to give up his Oklahoma citizenship, and his residence in Texas was only temporary, and while residing across the line his children attended school on the Oklahoma side. That he at all times intended to return to his farm in Oklahoma. It is not made to appear that this juror was a nonresident, but even if it

should be so held the judgment is not thereby invalidated. The defect is not fundamental as affecting the substantial right of the accused, and the verdict is not void for want of power to render it. Cooper v. State, 27 Okla. Cr. 278, 226 P. 1066.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.