# CHARLESTON.

State *v.* Rye Worthington

(No. 6752)

Submitted September 16, 1930. Decided October 7, 1930.

*Grover C. Worrell* and *John R. Pendleton,* for plaintiff in error.

450

*Howard B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Rye Worthington, was convicted and sentenced to twenty-five years in the penitentiary under an indictment charging him and one Tolliver jointly with the robbery of Henry Shumate in Wyoming County, on the night of August 4, 1929. They elected to be tried separately; and (according to statement of counsel) Tolliver was acquitted. Shumate was the only witness for the State to the act of robbery. Two other witnesses, however, testified to having seen Worthington and Tolliver near the place of the alleged robbery a few minutes before.

The defendant relied upon an alibi, which he attempted to establish by quite an array of witnesses. The grounds of error complained of are: (1) The admission of improper evidence on behalf of the state; (2) the granting of an improper instruction at the instance of the prosecution; and (3) the overruling of defendant's motion to set aside the verdict because the prosecuting witness, as defendant learned after the trial, was a second or third cousin of one of the jurors.

The evidence complained of (disclosed by cross-examination of a witness for the defendant) is to the effect that another witness, later offered by the defendant, was, at the time of the alleged robbery expecting to be indicted on the follwing day for an offense in Fayette County. Counsel for defendant concede that cross-examination of a witness tending to reflect upon his general character is largely within the discretion of the trial court (as announced in *State* v. *Walker,* 92 W. Va. 499; *State* v. *Porter,* 98 W. Va. 390; and *State* v. *Wolfe,* 99 W. Va. 694), but contend that the rule does not permit such testimony by other witnesses. "A witness can be impeached only by direct attack upon his testimony or character; and it has been laid down that there are four modes of impeaching the credibility of a witness: (1) By cross-examination; (2) by proving previous contradictory statements or acts; (3) by producing a record of his conviction of some infamous crime;

and (4) by adducing general evidence tending to show that he is unworthy of belief on his oath.'' 40 Cyc., p. 2563. 28 R. C. L., sections 210 and 211, after calling attention to the conflict of authority as to whether proof of character of a witness is limited to his reputation for truth and veracity or may be extended to his general moral character, states: ''Whether the scope of the inquiry is confined to general reputation for veracity or extends to general moral character, the authorities are quite uniform in holding that the character of a witness cannot be impeached by proof of particular acts of immorality or wrongdoing.'' JUDGE LIVELY, speaking for the Court in *State* v. *Driver*, 88 W. Va. 488, said: ''The three general classes of evidence by which a witness may be impeached are: 1. Character evidence tending to show that the witness lacks truthfulness; 2. That on former occasions he has failed to state material facts, or different or conflicting facts testified to by him on the present occasion; 3. Evidence showing that his present testimony is materially variant from acts done or statements made at other times. Opinion evidence which assails the witness' truth and veracity must be founded on the knowledge of the assailed witness' reputation for truth and veracity among his friends. This is a universal method among English speaking people. In some jurisdictions it extends to the witness' bad reputation for morality, but such is not the method in this State or in the states generally. 1 Greenleaf on Evidence (16th Ed.), sec. 4461.'' As similar evidence was later elicited by the prosecution upon cross-examination of the witness assailed, the defendant suffered no injury from the testimony complained of.

The instruction complained of follows: ''The court instructs the jury that the crime of robbery consists of theft of the property from the person or in the presence of the owner accompanied by violence or by putting him into fear, and the court instructs the jury that if they believe from all the evidence beyond a reasonable doubt that on the 4th day of August, 1929, Rye Worthington, the defendant on trial, and Jim Tolliver, met the prosecuting witness, Henry Shumate, on Glen's Ford as testified to by the witnesses for the state, and

there with force and arms commanded the prosecuting witness to throw up his hands, and thereafter searched the pockets of the said prosecuting witness and took therefrom the sum of money as testified to by said prosecuting witness, Henry Shumate, and that the defendant, Rye Worthington, held the said prosecuting witness under fear and intimidation while the said Jim Tolliver took the money as aforesaid from the person of the said Henry Shumate, and if all these facts and circumstances you believe beyond a reasonable doubt, then you are instructed to find the defendant, Rye Worthington, guilty as charged in the within indictment.'' This instruction is criticized, first, on the ground that robbery is confined to theft of property from the person, and, second, because of the phrase, ''as testified to by *the witnesses for the state*''. Robbery, as defined in the instruction, was approved in *State* v. *Williams*, 98 W. Va. 458, 467. ''Robbery at common law is the felonious taking of money or goods of value from the person of another or in his presence, against his will, by violence, or putting him in fear.'' 23 R. C. L. 1139. ''To constitute robbery, it is essential that there be a taking 'from the person'. To satisfy this requirement, it is sufficient that the property be taken 'in the owner's presence.' '' 34 Cyc. 1798. As our statute (section 12, chapter 144, Code 1923) does not define robbery, the common law definition is implied. *State* v. *McAllister*, 65 W. Va. 97, 101. The basis of the second objection is that the state introduced only one witness to the act of robbery, and that two of the witnesses for the state, who testified to having observed two persons near the scene of the crime some minutes before, did not identify either of them as being the defendant or Tolliver. Notwithstanding these facts, the jury could not, in our opinion, have been misled by this phase of the instruction, in view of the other instructions granted at the instance of the state and the defendant, and the presumed intelligence of the jurors.

The third ground of error does not warrant a reversal under *State* v. *Harris*, 69 W. Va. 244, 71 S. E. 609, holding: ''The general rule, inhibiting allowance of a new trial for matter constituting a principal cause of challenge to a juror, existing

before the juror was selected and sworn, unknown to the complaining party until after verdict, not disclosed on a thorough *voir dire* examination, and undiscoverable by the exercise of ordinary diligence, unless it appears from the whole case that the complainant suffered injustice by reason of the disqualification; applies in criminal cases and to disqualification by reason of relationship to the prosecuting witness." The objectionable juror stated in his affidavit, filed by the state upon the defendant's motion for a new trial, that he was not, at the time of the trial, cognizant of the alleged relationship between himself and the prosecuting witness.

As the evidence for the state in this case is equally incriminating against Worthington and Tolliver, the acquittal of the latter may serve the former in an application for executive clemency, but is not cause for reversal.

The judgment is therefore affirmed.

*Affirmed.*