# MAYE SPRATT v. STATE.

No. A.-8471.   June 16, 1933.
Dissenting Opinion  June  20, 1933.
Rehearing  Denied  June 30, 1933.
(23 Pac. [2d] 223.)

John L. Ward and Oran N. McCain, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (John Ladner, of counsel), for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of manslaughter in the second degree, and her punishment fixed by the jury at imprisonment in the county jail for the term of one year and to pay a fine of $1,000 and costs of the prosecution.

Defendant was charged with having murdered her husband, D. O. J. Spratt, on the 7th day of November, 1931.  The killing occurred while Mrs. Spratt and her husband were on a hunting expedition in Tulsa county by a load from a shotgun in the hands of defendant; the load entering his back.  The theory of the state was that Mrs. Spratt killed her husband intentionally for the purpose of collecting insurance on his life, she having taken out a $5,000 policy on his life, without his knowledge, about six months before the killing.  This was a policy which would pay her $10,000 in case of an accident and $5,000 otherwise.  In addition to this insurance, deceased had himself taken out two other policies, in which the defendant was beneficiary.

The defense was that, while she was carrying a shotgun and walking behind her husband, she stumbled and fell, and the gun was accidentally discharged, and the killing therefore was excusable.

Defendant's counsel earnestly contend that the evidence is insufficient to establish either the corpus delicti or support the verdict of the jury.

The record is voluminous, and there is much evidence bearing on both theories of the case. Without entering into a lengthy discussion of the case, it is sufficient to say that the evidence supports the verdict of the jury.

It is next contended that the court erred in refusing to sustain defendant's challenge of the juror D. P. Oak for cause; the particular objection to such juror being that he had an opinion which he had formed from reading the newspapers.

The mere fact that a juror has a settled impression or opinion as to the merits of the case, resulting from reading newspaper accounts or from current rumor, and not obtained from personal knowledge of the facts or from witnesses who purport to know the facts, does not necessarily render the juror incompetent. Littrell v. State, 22 Okla. Cr. 1, 209 Pac. 184. To the same effect are: Gentry v. State, 11 Okla. Cr. 355, 146 Pac. 719; Agent v. State, 18 Okla. Cr. 282, 194 Pac. 233; Warren v. State, 24 Okla. Cr. 7, 215 Pac. 635; Leard v. State, 30 Okla. Cr. 191, 235 Pac. 243.

There being nothing in the record to indicate that defendant, after exercising her peremptory challenges, was unable to obtain a fair and impartial jury, it was not reversible error to overrule the challenge for cause.

4

It is next contended that the court erred in overruling the supplemental motion for a new trial on the ground that the juror Allen Fletcher, being a nonresident of the county of Tulsa, was disqualified.

Counsel for the state contend that the question of the disqualification of juror Fletcher cannot be considered by this court because it is attempted to be raised in a supplemental motion for a new trial and supplemental case-made, which was filed out of time and is not properly before this court. Notwithstanding this objection, and without passing on the merits of the question, the court will consider it as though it was properly raised and dispose of it.

In Cooper v. State, 27 Okla. Cr. 278, 226 Pac. 1066, this court said:

"The disqualification of alienage is cause for challenge of a juror propter defectum, on account of personal objection, and if, voluntarily, or through negligence or want of knowledge, such objection fails to be insisted on, the conclusion that the judgment is thereby invalidated is wholly inadmissible. The defect is not fundamental, as affecting the substantial rights of the accused, and the verdict is not void for want of power to render it. It is the duty of the defendant to question the jurors on their voir dire as to their qualifications; and if he fails to do so, he waives any objections on that point, even though the disqualification is unknown to him until after the rendition of the verdict."

To the same effect is Perry v. State, 38 Okla. Cr. 202, 259 Pac. 657.

It is attempted to be shown by the supplemental motion for a new trial that this juror was a nonresident of Tulsa county. In the voir dire examination of this juror, neither the state nor the defendant inquired concerning the residence of the proposed juror.

Considering the record and the authorities above cited, the court did not err in overruling the supplemental motion for a new trial because of the claimed nonresidence of said juror.

It is next contended that the court committed fundamental error highly prejudicial to defendant during the trial by making remarks upon the weight of the evidence in ruling upon the various issues arising during the trial, thereby causing the jury to believe the court believed the defendant guilty and the jury should convict.

It is not necessary here to set out the circumstances under which the remarks of the court were made nor the remarks themselves. The question of whether the remarks of the court are prejudicial are peculiar to each case when considered in the light of the record, and no fixed rule can be laid down with respect thereto. The record discloses that counsel for the state and defendant were contending over the admission and rejection of testimony, and that in reply thereto the court made some statements relative to circumstantial evidence and other matters, none of which appears to be prejudicial or in any wise calculated to influence the jury adversely to defendant.

It is next contended the court committed fundamental error in admitting, over defendant's objection, incompetent, irrelevant, and immaterial evidence, and rejecting competent, relevant, and material evidence offered by defendant.

We have carefully examined the record, particularly with reference to the assignments set out in defendant's brief, and find nothing of a serious nature. In most instances the evidence complained of was clearly admissible, and in the others the admission or rejection of the testi-

6

mony could not have in any wise affected defendant adversely.

Defendant's counsel urge, inasmuch as the defendant, if guilty at all, was guilty of murder, and that, since the verdict of the jury is clearly a compromise, and the punishment fixed wholly inadequate to the crime, if committed by her, for that reason the case should be reversed.

Juries in the trial of women charged with murdering their husbands usually seek some excuse to either refuse punishment or minimize same. If this court should reverse such cases merely because it is satisfied that the punishment inflicted is wholly inadequate to the crime, then much crime would go unpunished. It is the duty of this court to see that the defendant is given a fair and impartial trial. The burden of fixing the punishment is upon the jury. The mere fact that in the instant case this court might think the punishment was wholly inadequate would furnish no legal ground for reversing the case.

The defendant had a fair and impartial trial. The evidence would have justified the jury in finding defendant guilty and inflicting a more severe punishment.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J. (dissenting). In dissenting from the majority opinion, I do so for the reason I am thoroughly convinced that the trial court committed a number of errors sufficient to warrant a reversal.

I insist that the statement, if made at all by the deceased at the hospital to the officer as claimed by him, was not made under a sense of impending death, and that the admission of the testimony of the officer as to what

had taken place at the hospital was reversible error; that many other statements of the court in the trial of the case and the admission of evidence, over the objection of the defendant, were prejudicial to the rights of the defendant, and was an error sufficient to reverse the case.