CARPENTER, Respondent, v. UNION BAKING
COMPANY, A Corporation, Appellant

(290 N. W. 322.)

(File No. 8270. Opinion filed February 20, 1940.)

**H. C. Mundt,** of Sioux Falls, for Plaintiff and Respondent.

**Charles Lacey,** of Sioux Falls, for Defendant and Appellant.

POLLEY, J. This action was brought for the recovery of an amount of back pay plaintiff claimed defendant is owing him. The case was tried to a jury. Verdict and judgment were for plaintiff and from this judgment and an order overruling its motion for a new trial defendant appeals.

Plaintiff was one of a number of employes of the defendant and was also a stockholder and director of the defendant, a corporation. During the year 1931 defendant was being pressed for payment of certain claims by its creditors and in order to relieve the pressure of such creditors, defendant and its employes, including the plaintiff, entered into an arrangement whereby the said employes agreed to accept certain cuts in their wages, amounting in all to 25% of such wages. Plaintiff admits that this was a permanent reduction in the wages of himself and the other

employes. During the following year defendant was again in difficulties with its creditors when, to relieve the pressure, defendant and the said other employes entered into an arrangement whereby such employes agreed that the company might withhold another 25% of their wages, the money so withheld by defendant to be used to relieve itself from the pressure of its creditors. The period of time over which this arrangement was to extend was from June 1, 1932 to December 31, 1932.

At the time of the trial defendant claimed that the second agreement was that the employes would take another reduction of 25% in their wages and that thereafter said employes were to receive but 50% of the amount they were receiving before the first cut. The total amount of money withheld under this arrangement during the period named was $1,888.85, and whether this was to be an absolute cut of 25% in wages or was merely an extension of time for the payment of that amount was the only issue between plaintiff and defendant at the trial.

One of the defendant's assignments of error is predicated upon alleged misconduct of one of the jurors who tried the case. Such misconduct is set forth in an affidavit made by defendant's counsel from which it appears that when counsel for defendant examined the panel touching their qualifications to serve on the jury, he asked said panel, as a group, if any one of them was acquainted with the plaintiff and, if so, to please say yes or raise his right hand. One of the veniremen, Ross, by name, was well acquainted with the plaintiff but did not answer counsel's question nor in any manner indicate his acquaintance with the plaintiff. Said Ross was accepted as a juror and acted as such in the trial of the case.

Failure of said juror to make known his acquaintance with the plaintiff is alleged to be misconduct on the part of said juror for which a new trial is asked.

Of course, mere acquaintance of the said juror with the plaintiff would not of itself constitute misconduct nor disqualify him to act as a juror in the trial of the case; but had he made his acquaintance with plaintiff known, counsel for

154

defendant could and undoubtedly would have examined him, touching the nature and extent of such acquaintance, and if, after such examination, counsel felt that Ross was disqualified to act as a juror, he could have excused him from the panel, either by challenge for cause or upon a peremptory challenge. Neither the defendant nor its counsel knew of the acquaintance of the juror Ross with the plaintiff until after the case had been tried and a verdict returned.

 Misconduct of the jury is one of the statutory grounds for granting a new trial. Subd. 2, § 33.1605. The language of said statute pertaining to misconduct such as is claimed in this case reads as follows: "Misconduct of the jury * * * materially affecting the substantial rights of" a party. This language implies that the party seeking a new trial on this ground has the burden of showing that the alleged misconduct materially affected its substantial rights. This the appellant did not do nor attempt to do. It merely stated the alleged misconduct and assumed that that alone was sufficient to entitle it to a new trial. There are cases that appear to follow such rule. McGarry v. City of Buffalo, 70 Hun 597, 24 N.Y.S. 16, but under our statute, merely alleging the act constituting the alleged misconduct, is not sufficient. The rule followed by the great majority of the courts is: that the verdict will not be set aside for objection to jurors on grounds which existed before they were sworn unless it is made to appear that by reason of the existence of such grounds the party objecting has suffered wrong or injustice. State v. Colman, 17 S. D. 594, 98 N. W. 175, and State v. Harris, 69 W. Va. 244, 71 S. E. 609, 50 L.R.A., N.S. 933, Ann. Cas. 1913A, 889, in which case, and a note appended thereto, this question is considered at great length and the cases are collected and reviewed. See also 20 R. C. L. §§ 24-27, pp. 238-242; 46 C. J. pp. 90 to 97; Wassum v. Feeney, 121 Mass. 93, 23 Am. Rep. 258.

The testimony of the plaintiff was positive, the entire item of $1,888.85 was carried on the books of the defendant company under "Bills Payable" as a liability of the company until after the commencement of this action, when it was charged off to profit and loss and canceled; it is admitted

that the plaintiff did the work he claims he did, and its value is not disputed. The jury found for plaintiff under instructions of which no complaint is made. It is highly improbable that plaintiff and the other employes would have consented to a reduction of their wages to one-half of what they were receiving before the first reduction was made. No prejudice was shown and it is not claimed there was any abuse of judicial discretion on the part of the court in denying a new trial.

We are satisfied defendant had a fair trial and that the verdict should stand.

The judgment and order appealed from are affirmed.

All the Judges concur.