## FRANK BRINK V. TERRITORY OF OKLAHOMA.

1. RECORD—*Jury Sworn.* Where the journal entry of judgment, approved by counsel for defendant, shows "that upon issue joined the jury duly empaneled and sworn to try the cause had returned into open court in the presence of said defendant a verdict of guilty against said defendant," and the verdict of the jury signed by the foreman and returned into court states that upon their oaths they find the defendant guilty of murder. *Held*, That this is ground amply sufficient for this court to find that the record shows affirmatively that the jury was sworn according to law.

2. MOTION FOR NEW TRIAL. Where the motion for a new trial alleges error on the part of the court in overruling a motion for a new trial, based upon alleged misconduct of the county attorney and jury, but the record contains no affidavits or evidence of any character as to the truthfulness of the allegations of said motion, said assignment of error will not be considered by this court on appeal.

3. ADMONITION TO JURY—*Failure—Presumption.* If the court has failed to admonish the jury upon adjournments as required by law, a motion for a new trial on that ground should allege such failure, and the motion for a new trial should be supported by competent evidence showing that fact. It is proper, if the court deems it so, to permit the jury to separate upon admonishing them as required by law, but unless the record shows affirmatively by proof or otherwise, that the court permitted the jury to separate without the admonition, it must be presumed that the court performed its duty properly by admonishing them. (*Redman v. Territory* followed.)

*Error from the District Court of Logan County.*

The appellant, Frank Brink, was convicted of murder in the district court of Logan county and sentenced to imprisonment for life, and brings the case here on appeal. The facts are stated in the opinion. Affirmed.

*Buckner & Son*, for appellant.

*C. A. Galbraith*, Attorney General, *Huston & Huston*, for the territory.

The opinion of the court was delivered by

SCOTT, J.: This is a criminal prosecution in the district court of Logan county by the Territory of Oklahoma against Frank Brink and Fred Palmer. Brink was convicted of the crime of murder, and sentenced by the court to imprisonment for life, and he brings the case to this court on appeal.

We shall take up the assignments of error necessary to a determination of the questions involved as follows:

I. It is contended that the jury was not sworn to try the cause as the law requires. We think this objection and assignment of error is disposed of by the record. In the journal entry of judgment it is stated, "that upon issue joined, the jury, duly empaneled and sworn to try the cause, had returned into open court, in the presence of said defendant, a verdict of guilty against said defendant." This journal entry was approved by counsel for defendant before the same was filed. In the verdict of the jury, signed by the foreman and returned into court, they state that upon their oaths they find the defendant guilty of murder. This is ground amply sufficient for this court to find that the jury were sworn according to law, and hence there is no reason for reversal in this assignment.

II. It is further contended that the court erred in overruling appellant's motion for a new trial, in which he alleges that certain statements made by the county attorney were prejudicial to his interests; that the court permitted the jury to separate at will during the recess of court and at nights during the pendency of the trial, and that the jury read newspapers with the comments made regarding the trial of said cause; but as the record contains no affidavits or other evidence as to the truthfulness of the facts set out in

said motion, this assignment of error will not be regarded. As to the question of the separation of the jury, the case of *Redman v. Territory*, reported in 2 Okla. Rep. 360 and 37 Pac. Rep. p. 826, is in point. In that case it is held:

"If the court has failed to admonish the jury upon adjournments as required by law, a motion for a new trial on that ground should allege such failure, and the motion for new trial should be supported by competent evidence showing that fact."

It is proper, if the court deems it so, to permit the jury to separate upon admonishing them as required by law, but unless the record shows affirmatively by proof, or otherwise, that the court permitted the jury to separate without the admonition, it must be presumed that the court performed its duty properly by admonishing them. (*Territory v. Redman, supra.*)

We can hardly believe that counsel for appellant can regard as serious any of the six grounds of error assigned. The two we have discussed are the only ones there can be any merit whatever in, viewed upon the record as it is presented. We could not, in the absence of record evidence necessary, determine any question sought to be raised with reference to the empaneling of the grand jury or the returning of the bill.

We have examined the indictment carefully and consider it as amply sufficient in substance and form to sustain the conviction of appellant, and thus dispose of this question. The judgment of the lower court will be affirmed.

By the court: It is so ordered.

Dale, C. J., having presided in the court below not sitting; all the other Justices concurring.