## GEORGE GARDNER v. STATE.

No. A-531. Opinion Filed May 16, 1911.

(115 Pac. 607.)

WITNESSES—Examination—Leading Questions—Discretion of Court. As a general rule a party cannot ask leading questions of his own witness; but when it appears that the witness is unfriendly toward the party placing him upon the witness stand, or is trying to evade the questions asked him, then, in the discretion of the trial court, the party may be permitted to ask leading questions of his own witness.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

George Gardner was convicted of violating the prohibitory liquor law, and he appeals. Affirmed.

*J. M. Frame* and *J. N. Robertson,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Appellant was convicted for a violation of the prohibitory liquor law, and his punishment was assessed at a fine of $50 and confinement in the county jail for a period of 30 days.

Counsel for appellant rely upon two grounds to secure a reversal of this case. The first is that the court permitted the county attorney to ask leading questions of the state's witness Teague. As a general rule a party cannot ask leading questions of his witness; but when it appears that the witness is unfriendly toward the party placing him upon the witness stand, or is try-

ing to evade the questions asked him, then, in the discretion of the trial court, the party who placed said witness on the stand may be permitted to ask such witness leading questions. In this case the record abundantly shows that the witness Teague was doing all in his power to screen and protect the appellant, and to evade answering the questions asked him by the county attorney. We therefore think that the court did not abuse its discretion in permitting the county attorney to ask the witness leading questions. But, even independent of this, the guilt of the defendant is clearly proven by other testimony than that of the witness Teague.

The county attorney, in his closing argument to the jury, did attempt to make remarks not warranted by the testimony in, the case; but upon objection made thereto, he was promptly rebuked by the trial court, and such remarks were withdrawn from the consideration of the jury. We do not think that the remarks made by the county attorney, under the circumstances, injured appellant.

The judgment of the lower court is therefore in all things affirmed..