## CORNELIUS DAY v. STATE.

No. A-1175.   Opinion Filed May 7, 1912.

(123 Pac. 436.)

1.   **APPEAL—Record.** Section 6919 (Comp. Laws 1909) of Procedure Criminal specifically provides that the record shall consist as follows: "When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action: 1st. The indictment and a copy of the minutes of the plea or demurrer. 2nd. A copy of the minutes of the trial. 3rd. The charges given or refused, and the indorsements, if any, thereon; and 4th. A copy of the judgment."

2.    **SAME.** An application for change of venue and affidavits in support thereof and proceedings had thereon are not properly a part of the record, and can only be presented for review on appeal by incorporating the same into a bill of exceptions, or by case-made.

3.    **SAME—Change of Venue.** A transcript of the record of the trial court does not present for review the proceedings and orders made on a motion for change of venue.

(Syllabus by the Court.)

*Appeal from District Court, Wagoner County;*
*John H. King, Judge.*

Cornelius Day was convicted of murder, and brings error. Affirmed.

*W. G. Robertson,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, Cornelius Day, was, by information filed May 9, 1910, in the district court of Muskogee county by Hon. Thos. H. Owen, the duly qualified and acting county attorney in and for Muskogee county, charged with the murder of Ben Cobb, in said county, on April 29, 1910.

The record shows that the following proceedings were had May 23, 1910:

"Now on this day comes the state by its attorney, and comes also the defendant in person, and it appearing to the court that the defendant is without an attorney in this case, and that he is unable to employ counsel, whereupon it is by the court ordered that W. G. Robertson, an attorney at this bar, be and is hereby appointed attorney for the defendant in this case. And now said defendant for his plea herein says he is not guilty."

And afterwards, to wit, November 21, 1910, the following further proceeding was had:

"Now on this day comes the state by its attorney, and comes also the defendant, in person and by W. G. Robertson, Esq., his attorney, heretofore appointed by this court, and now said defendant moves the court to change the venue of this case to the district court of Wagoner county, Oklahoma, for trial. Whereupon, the court being fully and sufficiently advised in the premises, it is by the court ordered that this cause be, and the

same is hereby, transferred from this court to the district court of Wagoner county, Oklahoma; and it is further ordered by the court that the clerk of this court prepare a full, true, and complete copy of the record in this case and certify the same, together with all the original papers in this case, to the district court of Wagoner county, Oklahoma."

Upon a trial had in the district court of Wagoner county, the jury by their verdict found the defendant guilty of murder, as charged in the information, and assessed his punishment at imprisonment at hard labor in the state penitentiary for life.

Motions for new trial and in arrest of judgment were filed and overruled, and sentence was pronounced in accordance with the verdict. The judgment and sentence was entered December 16, 1910. From this judgment, the defendant appealed by filing in this court, on June 30, 1911, a petition in error with a transcript of the record, duly certified by the clerk of the district court of Wagoner county, attached thereto.

It is contended by counsel for plaintiff in error that the order of the district court of Muskogee county, transferring said cause to the district court of Wagoner county, wholly fails to vest the district court of Wagoner county with jurisdiction of said case; that therefore the district court of Wagoner county was without jurisdiction to try the case. The question argued is not presented by the record before us on the transcript.

Section 6919 (Comp. Laws 1909), Procedure Criminal, provides:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action: 1st. The indictment and a copy of the minutes of the plea or demurrer. 2nd. A copy of the minutes of the trial. 3rd. The charges given or refused, and the indorsements, if any, thereon; and 4th. A copy of the judgment."

This provision of the statute specifically defines what constitutes, in a criminal case, the record proper; and a transcript of such record proper is the only record that can be authenticated by the certificate of the clerk of the trial court. All other mat-

ters included in a transcript constitute no part of the record, though the clerk has incumbered the transcript with them.

. An application for a change of venue and affidavits in support thereof and proceedings had thereon are not properly a part of the record, and can only be presented for review on appeal by incorporating the same into a bill of exceptions, as provided by article 12 of Procedure Criminal (Comp. Laws 1909, secs 6885–6894), or by a case-made.

Only the record proper can be reviewed by this court on appeal by transcript under the certificate of the clerk of the trial court. For this reason, the question argued by the defendant's counsel cannot be reviewed upon the record before us.

A copy of the minutes of the trial, contained in the transcript, shows that the change of venue to Wagoner county was granted on the application of the defendant. Every presumption must be entertained in favor of the regularity of the proceedings had upon such application, and in support of the judgment of the trial court. The general rule, often announced by this court, is that the plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the lower court will be affirmed. We discover no prejudicial error in the record proper as shown by the transcript.

The judgment of the district court of Wagoner county will therefore be affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.