# HARRISON JENKINS v. STATE.

### No. A-2124.   Opinion Filed November 7, 1914.

### (145 Pac. 500.)

1. **TRIAL—Instructions—Information.** The trial court should avoid writing his instructions so as to cover the surplus language used in an information. The charge of the court should be reasonably concise and clear, and should conform to the charge set forth in the information.

2. **INTOXICATING LIQUORS — Prosecution—Information—Instructions—Appeal—Presentation for Review.** (a) When an appeal is by transcript only, this court will not undertake to determine questions raised by the petition in error argued in the briefs which cannot be correctly determined without the aid of the testimony produced at the trial.

    (b)  An information which uses the language ''sell, barter, give away, or otherwise furnish'' has been held by this court to charge a sale only. The trial court should not include in his instructions the general language ''give away and otherwise furnish'' under an information which charges a sale only.

    (c)  When the state relies on the giving away or otherwise furnishing intoxicating liquor as a subterfuge for a sale, the facts must be pleaded in order that the court may determine whether or not a crime has been committed.

3. **APPEAL—Instructions—Presumption of Innocence—Harmless Error.** The court should always include in his charge to the jury an instruction upon the presumption of innocence, but when the jury is instructed fully upon the doctrine of reasonable doubt, and it clearly appears that the failure to instruct on the presumption of innocence was an oversight, and resulted in no injury to the accused, that no exception was taken by counsel, and the court's attention was not called to the oversight, this court will not reverse a conviction upon that ground alone.

4. **ARRAIGNMENT AND PLEAS—Plea of Guilty—Withdrawal—Discretion.** When a person charged with crime is arraigned and enters a plea of not guilty, the court, in its discretion, may allow the plea to be withdrawn in order to grant the accused an opportunity to file a plea to the jurisdiction of the court or attack the information by demurrer.

5. **SAME—Time to Plead—Withdrawal of Plea.** If a plea of not guilty has been entered to an information, and the trial court grants permission to withdraw the plea for any purpose, the accused person is entitled to such delay or time in which to plead anew to the original information as the court in its discretion may deem just.

6. **COURTS—Records—Correction.** A transcript of the record is defined by the statute, and this transcript cannot be impeached by affidavits or other statements. The trial court can correct errors in a transcript or other records by proper proceedings and nunc pro tunc orders, but counsel cannot correct transcripts or records by filing affidavits or inducing the clerk to include over his certificate matters which are not part of the transcript as defined by the statute.

(Syllabus by the Court.)

*Appeal from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Harrison Jenkins was convicted of violating the prohibitory law, and appeals.　Affirmed.

*Sprowls & Stone,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.　The plaintiff in error, Harrison Jenkins, was convicted at the September, 1913, term of the county court of Bryan county, sitting at Durant, on a charge of unlawfully selling intoxicating liquor, and his punishment fixed at a fine of $150 and imprisonment in the county jail for a period of 90 days.　This appeal is by transcript only.　The information follows:

"Comes now Walter J. Turnbull, the duly qualified and acting county attorney in and for Bryan county, state of Oklahoma, and gives the county court of Bryan county and state of Oklahoma, to know and be informed that the above-named defendant, Harrison Jenkins, late of Bryan county, did, in Bryan county, and in the state of Oklahoma on or about the 1st day of July, in the year of our Lord one thousand nine hundred and thirteen, commit the crime of violating the prohibition laws, in the manner and form as follows: That is to say, the defendant did in said county and state, at the above-named date, unlawfully and willfully, sell, barter, give away and otherwise dispose of certain spirituous liquors, to wit, one pint of whisky to J. A. Strutton, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

It is contended that the court erred in giving instruction No. 2, which instruction is as follows:

"You are therefore instructed, if you find from the evidence in this case beyond a reasonable doubt that the defendant, Harrison Jenkins, did, within Bryan county, Okla., on or about the 1st day of July, 1913, unlawfully and willfully sell, barter, give away or otherwise furnish one pint of whisky or any amount whatsoever, to one J. A. Strutton, as charged in the information, then and in that event the defendant would be guilty as charged, and you should so find in your verdict; otherwise the defendant would not be guilty, and you should so find in your verdict."

The instructions of the court should conform to the charge contained in the information and correctly state the law. Counsel having failed to bring up a transcript of the testimony, the court is not in position to determine definitely what the proof was, but it is apparent that the state relied upon an unlawful sale. Instruction No. 2 clearly indicates that fact. We are of opinion that instruction No. 2 should not have been given in the language it was given, but we cannot say it was error prejudicial to the rights of plaintiff in error, in the absence of a complete record. A correct instruction in this cause should have submitted only the proposition of whether or not an unlawful sale or barter was made within the contemplation of the statute, because that is all the information properly charges. Any person interested in the making of a sale is guilty under the law.

It is next contended that the court erred in failing to instruct upon the presumption of innocence. This instruction should always be given, but we are of opinion that in this case this oversight was unintentional, and was also without prejudice. Counsel failed to call the court's attention to the matter at the time, and failed to save any exceptions to the instructions on that ground. In *Beatty v. State,* 5 Okla. Cr. 105, 113 Pac. 237, we said:

"Where the court failed to instruct upon the presumption of innocence, but did instruct the jury fully upon reasonable doubt, and where the defendant did not request any instruction on the presumption of innocence or save an exception to the action of the court in neglecting to charge on this pre-

sumption, a conviction will not be reversed because the court omitted to give said instruction."

It is next urged that the court erred in the matter of allowing time within which to plead. The transcript shows that when the information was filed the plaintiff in error entered a plea of not guilty; that later he asked to withdraw the plea, which was granted, and filed a dilatory motion, which was overruled; that he then asked for further time in which to plead. The court granted him half an hour. Counsel fail to bring this case within the statutory rule. There was no error in this proceeding by the court. Counsel had no right to withdraw the plea in order to delay the trial, and, when the withdrawal was allowed, the time given within which to plead was in the discretion of the court, and there is nothing in the transcript to indicate an abuse of that discretion.

It is next urged that the court erred in sentencing the prisoner to pay a fine of $150 and imprisonment in the county jail for a period of 90 days. The contention of counsel is that the judgment should conform to the verdict, but no copy of the verdict is disclosed, except the recital in the judgment shown by the transcript, which reads as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find the defendant guilty as charged in the information and assess his punishment at $150 and 90 days' imprisonment in the county jail."

Counsel have included a notation from the judge's docket, which is as follows:

"Time set for sentencing Monday, Sept. 15th, 1913. Sept. 15. Sentence to 30 days and $150.00."

These later notations are no part of the transcript of the record, and could not be used to impeach the record proper or the recital of the verdict as it appears in the judgment. If, as a matter of fact, the court had made a mistake in rendering judgment, imposing 90 days imprisonment, when the jury intended only 30 days by their verdict, a proper motion to correct the judgment to conform to the verdict should have been made and proof offered to establish the fact. No such steps were taken. In fact, the judgment rendered and the verdict, as shown

by the recital in the judgment, are the same. Each imposes 90 days' imprisonment and a fine of $150. Counsel undertake to impeach the record by filing an affidavit. This court has heretofore said that the record could not be impeached in any such manner. These corrections, if made at all, must be made by the trial court in the manner prescribed by law.

We have carefully reviewed the record, and find no error sufficient to justify a reversal.

The judgment of the trial court is therefore affirmed.

DOYLE, J., concurs. FURMAN, J., absent on account of sickness.