# BARNEY DIXON v. STATE.

No. A-8762.   March 15, 1935.
(42 Pac. [2d] 286.)

Mathers & Mathers and Bryan Phillips, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of burglary with explosives, and sentenced to serve a term of 25 years in the state penitentiary.

The testimony in this case is circumstantial.   On behalf of the state it shows that in a school building in district A, of Caddo county, Okla., there was a safe belonging to the district in which various sums of money were placed for safe-keeping; that on Thanksgiving night in 1933 the school building was broken into and the safe blown open by nitroglycerine or some other explosive, and all the money in the safe taken.   The state further shows that a young man living in the adjoining apartment to the defendant and his family heard a conversation between the defendant and his daughter Juanita and another man whom he did not recognize, in which conversation the daughter explained to the defendant the location of the safe, the doors that entered the building, and the office. The same night, about 3 or 4 o'clock in the morning, the proof shows another young man was sleeping in the adjoining apartment to the apartment of the defendant who heard a noise and looked through a hole in a beaver board that made the partition between the two apartments and saw the defendant and another man counting paper bills and silver money; that he made some noise and immediately the lights were turned out.

The lady from whom the defendant was renting testified on behalf of the state that two or three days before the safe was blown the defendant had advised her he could not pay his rent but would have the money in a few days.

The superintendent of the building, who had placed the money in the safe the evening before the safe was blown that night, testified the doors were locked, that the safe was closed and the combination on, and also gave the amount of mony that was in the safe; among the bills was a $5 bill with a corner torn off; a punch bar was found in the building near the safe which had been taken from a nearby garage where the defendant had at one time worked.

When the defendant was arrested, among the bills found on his person was a $5 bill with a corner torn off, which was identified as being like the torn bill placed in the safe with the other money. The defendant, when searched, had several one dollar bills and some fives on his person. When his home was searched, in his wife's purse, found on the bed under a pillow with a doll sitting on the pillow, was found about $24.75 in silver.

The defendant denied he had anything to do with the blowing of the safe and the taking of the money, and attempted to account for the money on his person, stating, he acquired the money picking cotton and other labor. The wife testifying she had sold a sewing machine for $15 or more. Evidence was introduced on behalf of the defendant tending to prove an alibi, by showing he had not left his home from early in the evening until the next morning.

The foregoing is in substance the testimony introduced both by the state and defendant material to the issue joined by the plea of not guilty by the defendant.

Among other assignments the defendant states: "The court erred in overruling the plaintiff in error's motion for a new trial, duly excepted to at the time." This is the only error that is necessary to be considered for the

reason that the motion for a new trial raises all the questions embraced in the other assignments of error. It is earnestly insisted by the defendant that the testimony is insufficient to sustain the verdict and judgment.

This court has carefully read the record, and, while the testimony is circumstantial, it was submitted under proper instructions by the court to the jury. If the jury believed the evidence of the state, the verdict of the jury is sustained by the evidence. It is clearly shown by the verdict that the jury did not rely upon or believe the evidence of the defendant as to his alibi or as to where he secured the money found on his person, and at his home when the search was made. The only questions are, Did the defendant in this case have a fair and impartial trial? Did the court correctly instruct the jury as to the law applicable to the facts? and, Did the court commit an error in the admission or rejection of evidence?

It is earnestly urged by the defendant that the court erred in permitting the county attorney, in his closing argument to the jury, to make in substance the following statement with reference to the daughter of the defendant not testifying: "They say she was supoenaed as a witness for the state. Under the law I could not cross-examine her. If I put her on the stand and she told the things she said, I could not impeach my own witness— I could not cross-examine her." It is apparent from the statement of the county attorney that some one of the attorneys in their argument must have referred to the fact that Juanita Dixon had been subpoenaed by the state and not called as a witness by the county attorney.

In Cherry v. State, 33 Okla. Cr. 37, 241 Pac. 833, this court held that where the defendant's attorney mentioned

the failure of the defendant to take the stand, it was not error for the county attorney to comment upon that fact.

In Soper v. State, 22 Okla. Cr. 27, 208 Pac. 1044, this court held, when the defendant's attorney attempts to explain why the defendant did not take the stand, the county attorney may answer him. The statement of the county attorney apparently was in reply to the argument of the attorneys for the defendant, and is not reversible error.

It is next urged by the defendant that the county attorney committed error in his argument to the jury when he made the statement, "If the truth be known there has been other crimes committed by the defendant, perhaps." This statement was objected to and the court sustained the objection and admonished the jury not to consider the same.

This court has repeatedly had this question before it and has universally held that when objections are made and sustained by the court, and the jury admonished not to consider the same, the objectionable remarks do not constitute reversible error. Gardner v. State, 5 Okla. Cr. 531, 115 Pac. 607; Gunnells v. State, 7 Okla. Cr. 98, 122 Pac. 264.

The next question argued by the defendant is that one of the jurors by the name of Maxwell was not a competent juror, and that by reason of his presence on the jury the defendant did not have a fair and impartial trial. An examination of the record shows this question was not raised until the motion for a new trial was filed. No objection was made to the juror at the time he was called and examined on his voir dire. The defendant was well acquainted with the juror Maxwell, and when the juror was called to be examined, the record fails to show that

the juror was questioned as to his bias or prejudice against the defendant.

In Horton v. State, 10 Okla. Cr. 294, 136 Pac. 177, this court stated:

"Where a defendant accepts a juror without availing himself of the right to examine such juror on voir dire, or without availing himself of the right to challenge him for cause, he will not, after conviction, be allowed to make the objection that the juror has formed and expressed an opinion adverse to him, as a ground for a new trial."

In view of the condition of the record presented, this court cannot say that the defendant's complaint is well founded. In order for the defendant to predicate error on account of the declaration of the juror Maxwell, averred in defendant's statement in support of his motion for a new trial, it is necessary for the record to show affirmatively that the said juror had been examined on voir dire and had stated under oath he was not biased or prejudiced and had not expressed an opinion as to the guilt of the defendant. This record contains no recital of such examination. A defendant must exercise all the rights he has under the statute to find out whether or not the juror is qualified before he can take advantage after verdict that such juror was incompetent or disqualified. The defendant has not shown sufficient grounds to entitle him to a new trial on account of the prejudice of the juror Maxwell.

There are many other errors assigned by the defendant not possessing sufficient merit to justify the court in continuing this decision at great length. Suffice it to say, we have carefully considered and studied the testimony in this case, the instructions of the court, and the arguments complained of, and hold that the evidence is

sufficient to sustain the verdict and judgment; that the court correctly instructed the jury as to the law applicable to the facts; that the defendant was accorded a fair and impartial trial. There are no errors in the record possessing sufficient merit to warrant a reversal.

The judgment is affirmed.

DOYLE, J., concurs. EDWARDS, J., not participating.