# DIXON v. STATE.

No. A-11495. March 26, 1952.

(242 P. 2d 474.)

208

Edwillard Dixon, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. This appeal was perfected by the filing of a petition in error with a transcript of the record attached. An examination of the transcript shows that the defendant entered a plea of guilty in the district court of Rogers county, Oklahoma, to the crime of attempted rape by force and fear, and pursuant to the plea of guilty was sentenced to serve a term of 40 years imprisonment in the State Penitentiary. He is now confined in the penitentiary serving said sentence.

For a reversal of the judgment the defendant presents three assignments of error. First, the court erred when it did not appoint counsel to represent defendant. Second, the court erred in not advising defendant of his constitutional rights. Third, the court erred in not sustaining defendant's motion to vacate judgment.

The transcript of the record contains a certified copy of the information; and also a certified copy of the judgment and sentence; and minutes of the court clerk taken at the time of the arraignment of the accused, at which time the plea of guilty was entered and judgment and sentence pronounced.

The information properly defines and sets forth facts constituting the crime of attempted rape in the first degree. In said information it was alleged that the defendant assaulted one Mrs. Sewell Skelton with intent and purpose of raping her by use of force and violence; that he assaulted her with a butcher knife and did cut and inflict serious wounds upon the body and person of Mrs. Skelton in his attempt to accomplish the act of rape against her will and consent, which act of rape would have been completed and accomplished had it not been for the family dog coming to the assistance of Mrs. Skelton and making an attack upon the defendant and thereby making it possible for Mrs. Skelton to escape the acts of defendant.

The judgment and sentence pronounced against the accused, among other things, recites:

"The prisoner, the above named Edwillard Dixon defendant, being personally present in open Court and having been. legally charged by information for the crime of attempted rape and arraigned, and said defendant having been fully advised by the Court of his constitutional right to be represented by counsel; and of his right to a trial by jury, and of his right of time to plead, and having waived the same entered herein his plea of guilty as charged in said information and being asked by the Court if he had any legal cause to show why judgment and sentence should not be pronounced against him, and he giving no good reason in bar thereof, it is the judgment of the Court that the defendant is guilty."

The minutes of the court recite that defendant stated he did not desire the services of an attorney to represent him.

If the defendant filed a motion to vacate the judgment it is not contained in the transcript of the record which is certified to contain all of the proceedings had in said cause in the district court of Rogers county.

Since there is no case-made showing any evidence pertaining to the facts relative to the crime charged against the accused, this court is unable to determine whether any of the assignments of error here presented should be sustained. In view of the strong presumption of legality which is attached to the judgment and sentence, regular on its face, this court will not vacate such judgment in the absence of clear and convincing affirmative proof which convinces us beyond all doubt that the assertion in the judgment and sentence that accused was advised of all of his constitutional rights was false.

Neither can we consider the question as to the excessiveness of the punishment where none of the facts are before us. If the accused committed the acts charged in the information against him then the punishment is not excessive. On the other hand, if there are any mitigating circumstances, this proof should have been adduced at the time the plea of guilty was entered, or in support of a motion to vacate the judgment.

The judgment and sentence of the district court of Rogers county is affirmed.

BRETT, P. J., and POWELL, J., concur.