**BOYD v. STATE.**

No. A–11843.

Criminal Court of Appeals of Oklahoma.

Nov. 10, 1953.

John R. Keahey, Oklahoma City, for plaintiff in error.

**204**

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Foye Happy Boyd, defendant below, was charged by information in the district court of Washita county, Oklahoma, with the crime of assault and battery with a dangerous and deadly weapon, towit, a 1939 model Ford automobile, driven on the highway north of Cordell, Oklahoma, in Washita county, by and under the control of the said Foye Happy Boyd, he being at said time and place under the influence of intoxicating liquor, and in said condition did drive the said automobile to the left of the center of the highway at a high and dangerous rate of speed while meeting a Pontiac automobile being driven in the opposite direction by George Reimer, causing a collision between said automobiles, thereby feloniously and intentionally inflicting serious bodily injury to said George Reimer. The defendant was tried by a jury, convicted, and his punishment fixed at 1 year in the State penitentiary; judgment and sentence was entered accordingly, from which this appeal was taken.

■ To this appeal the state has interposed its motion to dismiss. It appears from the record that judgment and sentence was entered herein on March 6, 1952, that the defendant's counsel gave notice of his intention to appeal to the Criminal Court of Appeals, but no request for and no order extending time to make and serve case-made was ever entered. Under the record the time for making and serving the case-made expired 15 days thereafter or on the 21st of March 1952, Title 22, § 1059, and Title 12, § 958, O.S.1951; Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143. The case-made herein was served on the county attorney on September 4, 1952. It is thus apparent that this appeal by case-made has not been perfected as by law provided, and is ineffective. However, the defendant may at any time within the six months allowed by law perfect his appeal by petition in error and transcript under the provisions of Title 22, § 1060, O.S.1951, when the tran-

script is properly certified by the clerk. Mathis v. State, 18 Okl.Cr. 199, 194 P. 278. Under such conditions, we are limited in our inquiry to fundamental errors as revealed by the transcript. A transcript of the record does not present for review errors which require a review of the evidence. It presents for consideration of the appellate court, only the information, minutes on arraignment, instructions given or refused, verdict and judgment and sentence. Dixon v. State, Okl.Cr., 242 P.2d 474, not yet reported in State reports. We have examined the information and under the authority of Beck v. State, 73 Okl.Cr. 229, 119 P.2d 865, find it sufficient to bring the case within the provisions of assault with a dangerous weapon, Title 21, § 645, O.S. 1951. Likewise we have examined the instructions, and no fundamental error is contained in the instructions given. The proceedings leading up to the judgment appear to be regular. The judgment conforms to the charge, and the sentence imposed is within the limits allowed by the statute. Under the condition of the record before us we must affirm the judgment and sentence.

■ Nevertheless because of the extravagant assertions of counsel that his client has been denied a fair and impartial trial, we have examined the evidence and find that it supports the charge as laid in the information beyond a reasonable doubt. Briefly, the record shows the defendant was drunk, had a drunken woman in the car with him and about one-eighth of a pint bottle of whiskey in the car at the time of the collision. It further shows the defendant drove to the left of the center of the highway; that Reimer pulled off of the highway to the right onto the shoulder and was hit headon by the defendant's car.

■ Likewise it is not incumbent upon us to examine the defendant's complaint that he was deprived of his right to exercise all but his first peremptory challenge, when he waived his second challenge and the trial judge swore the jury and gave the defendant no opportunity to exercise his four additional challenges. Only because of the nature of the charges herein made

have we made such an examination. The record is entirely silent on the proposition advanced by the defendant, as to any voir dire examination, and none of the jurors appear to have been questioned as to their bias and prejudice, or that defendant in any manner challenged any of the jurors selected to try the case, or that he objected to proceeding to trial if, perchance, such things did occur. To the contrary, it appears from the defendant's brief counsel stated to the defendant he was going to protest to the court its action in cutting off the additional challenges but the defendant said, "No, no, just let it go, leave them alone". Of course, defense counsel assumed that if the defendant was satisfied with the jury, knowing the jurors as the record indicates the defendant did, counsel then should raise no objection. In other words, if the defendant was satisfied with the jury, counsel should be satisfied. It is clearly evident that the defendant under the conditions hereinbefore set forth waived the right to challenge any juror for any particular cause. In Allen v. State, 70 Okl.Cr. 143, at page 152, 105 P.2d 450, at page 454, it was said:

"The right to challenge any juror for any particular cause is a statutory right and may be waived by the defendant or his counsel. Queenan v. Territory, 11 Okl. 261, 71 P. 218, 61 L.R.A. 324, affirmed on appeal to United States Supreme Court, 190 U.S. 548, 23 S. Ct. 762, 47 L.Ed. 1175.

"It is supposed in the voir dire examination counsel for defendant will go thoroughly into the qualifications of the jurors; and if it develops that any of the jurors are disqualified by reason of any statutory ground, that a challenge for cause will be made and sustained.

"It was stated by this court in the case of Cooper v. State, 27 Okl.Cr. 278, 226 P. 1066: 'It is the duty of the defendant to question the jurors on their voir dire as to their qualifications; and if he fails to do so, he waives any objections on that point, even though the disqualification is unknown to him until after the rendition of the verdict.'

"In David v. State, 14 Okl.Cr. 535, 179 P. 48, and in Tinney v. State, 19 Okl.Cr. 126, 201 P. 819, this court held the disqualification of the juror was waived by withholding and raising it as an objection after the verdict, since such a practice is not consistent with good faith and fair dealing which should characterize the administration of justice."

Had counsel for defendant heeded his own judgment and requested additional peremptory challenges, no doubt the trial court would have granted the same, but instead he acquiesced in the defendant's expressed waiver of the statutory right to additional peremptory challenges. Under these conditions we are of the opinion the defendant now has no right to complain. We are supported in this conclusion by Giles v. State, 70 Okl.Cr. 72, 78, 104 P.2d 975; Horton v. State, 10 Okl.Cr. 294, 136 P. 177; Dixon v. State, 56 Okl.Cr. 454, 42 P.2d 286; Vanderslice v. State, 59 Okl.Cr. 192, 57 P.2d 267; Smith v. State, 19 Okl.Cr. 14, 197 P. 514; in the last two cases it was held that under conditions similar to those herewith presented, it must appear the defendant suffered an injustice by reason thereof. Such is not the situation in the case at bar, the defendant suffered no injustice by reason of the things complained of.

From the record and admissions in the brief, as to a waiver, it appears the defendant now finds himself within the rule announced in Cooper v. State, supra, 27 Okl.Cr. at page 283, 226 P. at page 1067:

"A defendant will not be permitted to speculate on the result of a verdict to be rendered by a jury of which some member may be disqualified, and later challenge the verdict if, perchance, it should not be to his liking. The defendant must exercise diligence to ascertain the qualifications of jurors at the time they are examined for that purpose. Queenan v. Territory of Okla., 11 Okl. 261, 71 P. 218, 61 L.R.A. 324; Id., 190 U.S. 548, 23 S.Ct. 762, 47 L.Ed. 1175; Raub v. Carpenter,

187 U.S. 159, 23 S.Ct. 72, 47 L.Ed. 119; Papernow v. Standard Oil Co. (D.C.) 228 F. [399] 400."

And also Carr v. State, 65 Okl.Cr. 201, 84 P.2d 42, 43:

"Where irregularities occur in the selecting, summoning, and impaneling of a jury, it is incumbent upon the defendant, or his counsel, to interpose his objection at the proper time, and it is waived if it is raised for the first time after verdict, unless it is clearly shown that his substantial rights have been prejudiced. * * *

"A known ground of disqualification of a juror, before or during the progress of the trial, is waived by withholding it, or refusing to raise the objection until after verdict."

In light of the foregoing principles of law and the clear evidence of the guilt of the defendant herein, we cannot say that the defendant suffered an injustice by reason of the service of the said jurors upon the jury herein in question, or that he was prejudiced in his substantial rights. As proof of this fact, the jury might have imposed upon the defendant the maximum penalty of 5 years under the provisions of Title 21, § 645, O.S.1951, which under the record herewith presented we cannot say would have been excessive. Therefore, we cannot find under the conditions herein that the trial court abused its discretion in overruling the motion for new trial. Vanderslice v. State, supra.

The defendant relies upon the case of Stevens v. State, Okl.Cr., 232 P.2d 949, not yet reported in State reports. This case is not in point for the reason that that case involved the question of proof of a definite statement of bias and prejudice before trial, in the nature of prejudging the issue of guilt, which was not known to the defendant at the time of the trial but was discovered later. In the Stevens case proof of expressed belief of prejudged guilt was made by witnesses other than the juror himself, and the evidence thereof was not denied. Here there is no showing that any of the jurors had ever uttered any expression of bias or prejudice against the defendant. For all the above and foregoing reasons the judgment and sentence herein complained of is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.