Joe LONDON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12278.

Criminal Court of Appeals of Oklahoma.

May 2, 1956.

Joe London, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Joe London was charged by information filed in the Superior Court of Okmulgee County with the crime of first degree rape upon the person of Dorcas London. He was tried before a jury, convicted of the included offense of rape in the second degree, and his punishment fixed by the jury at ten years confinement in the State Penitentiary.

The appeal is by transcript. We have carefully reviewed such transcript for any reversible error properly raised by such appeal. Ward v. State, 56 Okl.Cr. 316, 38 P.2d 582.

The record discloses that defendant was represented by an attorney appointed by the court. Defendant asked that his case be transferred from the Henryetta division of the court to the Okmulgee division in order that he might have a speedy trial. The request was granted.

In this appeal by transcript, this court is limited to a consideration only of errors appearing on the face of the record, and will not decide questions which cannot be correctly determined without the aid of the testimony. Jenkins v. State, 11 Okl.Cr. 168, 145 P. 500; Dixon v. State, 95 Okl. Cr. 207, 242 P.2d 474.

By provision of 22 O.S.1951 § 977, the following papers constitute the transcript: (1) The indictment and a copy of the minutes of the plea or demurrer; (2) A copy of the minutes of the trial; (3) The charges given or refused, and the endorsements, if any, thereon; and (4) A copy of the judgment.

Defendant has not been represented by trial counsel since the judgment was pronounced on July 18, 1955, but has acted as his own counsel on appeal.

The information charges that on or about April 12, 1955, the defendant forcibly raped the prosecutrix, Dorcas London. It is further alleged that the victim was of previous chaste and virtuous character and not the wife of defendant. The information was sufficient to charge the crime of rape in the first degree.

We have carefully examined the instructions and find no fundamental error. The jury apparently found that the victim was over 16 years of age, of previous chaste and virtuous character, and under 18 years of age, but consented to the act, because defendant was found guilty only of the in-

cluded offense of rape in the second degree. The penalty might have been 15 years confinement in the penitentiary under such conviction. 21 O.S.1951 § 1116. Of course conviction of rape in the first degree carries punishment of imprisonment in the penitentiary of not less than 15 years, and the death penalty might be invoked. 21 O.S. 1951 § 1115.

It is now claimed by defendant that his counsel was incompetent and that he was not properly represented, and that his counsel failed to use certain witnesses that he wanted him to use. Further, that if he was granted a new trial that he could prove that the prosecuting witness had engaged in prostitution prior to the alleged act of rape.

From the instructions it appears that defendant's defense at trial was simply not guilty by reason of his contention that he did not have sexual relations with the prosecutrix, not that he did have sexual relations but with her consent, and that she had previously engaged in prostitution.

It is all too easy for a person convicted of crime to blame his conviction on someone else. We find nothing in the record to indicate that defendant's counsel did not exert every effort in behalf of his client. The evidence is not before us, but from the witnesses endorsed on the information the State must have had substantial evidence to support the charge. At any rate, there is nothing to indicate lack of diligence on the part of defendant's counsel. We would further say that defendant's counsel has appeared before this court and from our personal observation, we have found him to be a sincere and aggressive attorney. Apparently he is a respected citizen of Okmulgee County. His election in the past to judicial office attests to that. It would require a transcript of the evidence to discover whether counsel displayed skill in cross-examining the witnesses for the State, and in presenting the defense of the defendant. We cannot consider ex parte statements.

The record proper failing to disclose reversible error, the judgment appealed from must be and is affirmed.

JONES, P. J., and BRETT, J., concur.