**David ANSON, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12824.**

Court of Criminal Appeals of Oklahoma.

March 23, 1960.

John Maley, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

David Anson was charged jointly with Jimmy Lee Owen with larceny of live stock in Okmulgee County; was tried in the district court and convicted. The jury left·punishment to be fixed by the court, who assessed a penalty of seven years confinement in the State Penitentiary.

The defendant was represented at trial by a court-appointed attorney, who also represented him on appeal. The appeal is by transcript, rather than case-made. 22 O.S.1951 § 1060.

Title 22 O.S.1951 § 977 defines what constitutes the record, as follows:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"1st. The indictment and a copy of the minutes of the plea or demurrer.

"2nd. A copy of the minutes of the trial.

"3rd. The charges given or refused, and the indorsements, if any, thereon; and

"4th. A copy of the judgment."

See Day v. State, 7 Okl.Cr. 276, 123 P. 436; Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 302.

The information in part charges:

" * * * that the said defendants, David Anson and Jimmie Lee Owens, acting conjointly and in concert, at and in the County of Okmulgee, State of Oklahoma, did unlawfully, willfully and feloniously, by fraud and stealth, take, steal and carry away four (4) head of cattle of the bovine species, the personal property of W. R. Bill Pinkston, without the knowledge or consent of the said W. R. Bill Pinkston," etc.

The only point urged is that the trial judge abused his discretion in assessing the seven years penalty. He might have assessed ten years. It is said that the defendant had no prior convictions for crime. This Court has from its beginning pointed out that where an appeal is by transcript, no evidence is before it, and only that part of the instruments presented will be considered as may properly be considered in the transcript. 22 O.S.1951 § 977; Day v. State, 7 Okl.Cr. 276, 123 P. 436; Jenkins v. State, 11 Okl.Cr., 168, 145 P. 500; Boyd v. State, supra. We are, therefore, unable to say that the trial judge abused his discretion in assessing a severe penalty. 21 O.S.1951 § 1716 provides for a minimum penalty of three years and a maximum of ten years. The court did not assess the maximum penalty. Presumably the county attorney had made a complete investigation of the charges and of defendant's prior record and the testimony would have disclosed all of this. The court may have or may not have called on the county attorney for a statement and recommendation before assessing the penalty, the verdict showing that the jury left that to the judge.

At all events, this Court may not modify a judgment and sentence in absence of a record that would enable it to justify such action. Wiese v. State, Okl.Cr., 305 P.2d 868.

We have carefully read the transcript for errors that would require a reversal, and find none. Ward v. State, 56 Okl. Cr. 316, 38 P.2d 582.

The judgment appealed from is therefore affirmed.

NIX and BRETT, JJ., concur.