Raymond **GREATHOUSE**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–13068.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1961.

Raymond Greathouse, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Raymond Greathouse, plaintiff in error, herein lodges his appeal by transcript from the District Court of Adair County, Oklahoma. He was charged and convicted of assault with intent to kill, tried by a jury, and sentenced to serve a term of five (5) years in the State Penitentiary at McAlester.

On December 13, 1960, judgment and sentence was entered in conformity with the verdict of guilty.

On March 20, 1961, Plaintiff in error, now an inmate in the state penitentiary at McAlester, filed a petition for a writ of mandamus in this court. (A-13,025). This petition for writ was complied with and transcripts were mailed to plaintiff in error. On June 12, 1961, plaintiff in error filed his petition in error and a certified copy of the transcript of the record and proceedings in this court.

The defendant contends in his petition in error, and also argues in his brief that he was twice tried and convicted for one and the same offense.

Defendant states, in substance, that on or about July 18, 1960, he was charged in a justice of the peace court of Adair County on two counts, one for a breach of the peace and the other for assault with intent to kill; that a preliminary hearing was heard on both sides; that defendant was found guilty of the breach of the peace and was fined; and was bound over to the District Court for trial on the charge of assault to kill where he was prosecuted and convicted of the latter offense, while the county attorneys already knew he had been sentenced for the lesser offense.

He states that he was tried and convicted of a breach of the peace and the same evidence was used to convict him on the felony charge. He thus claims he was twice placed in jeopardy for the same offense.

The record fails to disclose that defendant raised the question of former jeopardy at the trial in district court.

The district court information charges the single offense of assault with intent to kill. There is nothing in the transcript showing that defendant raised the plea of former jeopardy during the course of the trial. Since the evidence was not preserved by case made it cannot be determined from the transcript just what proof, if any, was introduced at the trial relative to the claim that defendant was twice placed in jeopardy for the same offense.

Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202, 203 states:

"A transcript of the record does not present for review errors which require a review of the evidence. It presents for consideration of the appellate court, only the infomation, minutes on arraignment, instructions given or refused, verdict and judgment and sentence."

In Anson v. State, Okl.Cr., 350 P.2d 982, the Court held:

"In an appeal by transcript, the Court of Criminal Appeals may not modify sentence imposed within the statutory provisions for the crime charged, there being no record before the Court by which such modification could be justified."

Under the foregoing authorities the conviction herein had is therefore affirmed.

BRETT and BUSSEY, JJ., concur.