Bernard Clarence LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13852.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1966.

Don Anderson, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

On September 15, 1965, Bernard Clarence Lawson appeared in open court in the District Court of Oklahoma County, with court appointed counsel, Mr. Don Anderson, and entered pleas of guilty in District Court Case No. 30602 to a charge of Concealing Stolen Property; Case No. 30622 to a charge of Burglary in the Second Degree; Case No. 30659 to a charge of Possession of Narcotics; and Case No. 30730 to a charge of Burglary in the Second Degree. Judgments and sentences fixing his punishment at five years imprisonment in the State Penitentiary were pronounced in each of the cases to which he entered a plea of guilty; said sentences to run concurrently.

Thereafter, an appeal by transcript was lodged in this Court on the 2nd day of November, 1965. The sole assignment of error urged on appeal is "that there is error in each of said Judgments and Sentences in that said Judgments and Sentences are excessive." Plaintiff in Error urges that the Court modify the judgments and sentences by reducing the same.

This Court has from its beginning pointed out that where an appeal is by transcript, no evidence is before it, and only that part of the instruments presented will be considered as may properly be considered in the transcript. 22 O.S.1951, § 977; Anson v. State, Okl.Cr., 350 P.2d 982; Day v. State, 7 Okl.Cr. 276, 123 P. 436; Jenkins v. State, 11 Okl.Cr. 168, 145 P. 500; Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202.

An examination of the informations, minutes of the court, judgments and sentences, discloses that they are in proper form and free of fundamental error. The punishment imposed in each case was within the statutory provisions for the crimes charged. It is well settled that in an appeal by transcript, the Court of Criminal Appeals may not modify sentence imposed within the statutory provisions for the crime charged, there being no record before the Court by which such modification could be justified.

We are of the opinion, and therefore hold, that the judgments and sentences appealed from should be, and the same are hereby,

Affirmed.

TOM BRETT and NIX, JJ., concur.