Osa **HINES**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13940.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1966.

Daniel Bassett, Bartlesville, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Osa Hines, hereinafter referred to as defendant, was charged by information in the District Court of Washington County, with the offense of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second Offense, found guilty, and on the 16th day of November, 1965, was sentenced to one year imprisonment in McAlester and a fine of $1.00.

Thereafter, on the 4th day of March, 1966, Petition in Error with transcript attached, was filed in this Court and oral

argument was set on the State's Motion to Dismiss and Response thereto. The State's Motion to Dismiss is based upon the failure of defendant to file notice of intent to appeal in writing, and request a casemade within ten days after the rendition of judgment and sentence.

 The Court is cognizant of the fact · that this appeal could be dismissed merely · on a jurisdictional technicality; however, we have very carefully examined the record in this cause for fundamental error and jurisdictional error, and find that the trial court had jurisdiction of the subject matter, person of defendant, and authority under law to render judgment and sentence imposed, and did not deny defendant any of his fundamental rights.

 This Court has from its beginning pointed out that where an appeal is by transcript, no evidence is before it, and only that part of the instruments presented will be considered as may properly be considered in the transcript. 22 O.S.1951, § 977; Anson v. State, Okl.Cr.App., 350 P.2d 982; Day v. State, 7 Okl.Cr. 276, 123 P. 436; Jenkins v. State, 11 Okl.Cr. 168, 145 P. 500; Boyd v. State, 97 Okl.Cr. 331, 263 P.2d 202.

 An examination of the information, minutes of the court, judgment and sentence, discloses that they are in proper form and free of fundamental error. The punishment imposed was well within the statutory provision for the crime charged. It is well settled that in an appeal by transcript, the Court of Criminal Appeals may not modify sentence imposed within the statutory provisions for the crime charged, there being no record before the Court by which such modification could be justified.

We are of the opinion, and therefore hold, that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, and BRETT, JJ., concur.