**Joe GOFORTH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–705.**

Court of Criminal Appeals of Oklahoma.

May 23, 1979.

Sandra L. McClendon, McClendon & McClendon, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthitt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Joe Goforth, hereinafter referred to as defendant, was charged in the District Court, McCurtain County, Case No. CRF–76–195, with the crime of Larceny of Domestic Animal, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1716. Upon trial by jury, defendant was convicted and his punishment was fixed at three (3) years' imprisonment. From said judgment and sentence an appeal has been filed with this Court.

At trial, the State presented evidence tending to prove that the defendant and two other persons stole a hog from the Broken Bow High School. During the investigation, the defendant signed the back of a statement which had previously been given by another participant in the incident. The statement was written by Larry Morgan, Chief of the Broken Bow Police Department, as the man answered questions concerning the incident. Morgan testified he read the statement to the defendant, who looked it over and stated, "That is how it was."

The defendant's first assignment of error is that the trial court, during voir dire examination, improperly commented on the defendant's right to remain silent in violation of 22 O.S.1971, § 701. However, the error was waived by defense counsel's failure to object to the comment and move for a mistrial. *Hanf v. State*, Okl.Cr., 560 P.2d 207, 212 (1977). Defendant's first assignment of error is without merit.

The second assignment of error is that the trial court erred when it admitted into evidence the confession signed by the defendant. He makes two assertions under this assignment of error. The first is that because Officer Roath when testifying referred to the *Miranda* warning as a "Memorandum warning," he did not understand the rights he was reading to the defendant, and consequently the defendant could not understand his rights. However, the focus is on the defendant's understanding of his rights and not the comprehension of the officer reading the *Miranda* warnings in determining whether there was a voluntary, knowing or intelligent waiver of the Miranda rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We find nothing in the record of the present case which would suggest that the defendant did not understand his rights.

The second contention that defendant makes under this assignment of error is that because he signed the back of the other man's confession he did not adopt the confession as his own. The confession was read to the defendant after he was informed of his rights. The defendant then examined the confession himself and signed it, stating, "That is the way it was." The defendant apparently signed the confession on the back because there was no room on the front. It has been held that a signed statement given voluntarily after a defendant is advised of his rights is admissible even though it is not a verbatim statement of the defendant. The defendant by signing the statement is deemed to have adopted its language. *Webber v. State*, Okl.Cr.,

376 P.2d 348 (1962). The defendant, in the present case by signing the confession, adopted it as his own, and the statement was admissible in evidence.

Defendant next contends that because the record indicates that the trial court recessed the jury once and adjourned overnight without giving any admonition, in violation of 22 O.S.1971, § 854, he was denied a fair and impartial trial. The record also indicates that there was no objection by the defendant at any time, and for that reason the error, if any, was waived. *Dunford v. State*, Okl.Cr., 561 P.2d 579 (1977). The defendant's third assignment of error is without merit.

The last assignment of error is that the jury was not sworn as required by 22 O.S.1971, § 601. However, there is evidence in the record indicating that the jury was sworn as required. The verdict of the jury, signed by the foreman, states: "We the jury drawn, impanelled and sworn in the above entitled cause do upon our oaths find the defendant guilty." In *Brink v. Territory*, 3 Okl. 588, 41 P. 614 (1895), it was held that this was sufficient ground to find that the jury was sworn according to law. The last assignment of error is also without merit.

The judgment and sentence is *AFFIRMED*.

CORNISH, P. J., concurs in results.

BRETT, J., concurs.