**Russell Gordon WOODS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–715.**

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1984.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Russell Gordon Woods, was convicted of Burglary in the Second Degree, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CRF–81–803, was sentenced to twenty-two (22) years' imprisonment, and he appeals.

In one of his assignments of error, the appellant alleges that certain statements made by him to police should have been suppressed due to insufficient probable cause to justify his warrantless arrest. We do not agree. The record discloses that two people were seen breaking, entering and removing items from the Heritage Coin Shop in Tulsa during the early morning hours of January 22, 1981, and then escaping in "an old white truck with a camper on it." The incident was also heard by Tulsa Police Officer Curtis Beard who observed the truck and pursued it through residential neighborhoods for a great distance before finally finding it partially parked in the front yard of a residence, the passengers having fled the scene. Several coins from the Heritage Coin Shop were found nearby. While searching the vehicle, Officer Beard and other officers who had arrived to secure the scene were approached by witness Dave Rowland who lived directly across from the location of the abandoned vehicle. Rowland supplied the officers with a description of one of the suspects, including his attire of blue jeans and a burnt orange colored ski jacket. The description was broadcast to police officers in the area, although it was apparently unheard by Officer Dan Marshall who had arrived at the scene to check the area around Interstate 44, as he was responding to Officer Beard's broadcast that he was in full pursuit of the suspects. Within fifteen minutes, Officer Marshall observed the suspect running from the area where the pickup truck had been abandoned, across the service road near Interstate 44 and Yale. He radioed in his own description of the suspect as wearing an orangey-brownish colored jacket and blue jeans, and continued to pursue him into the lobby of the Hilton Inn. A short while later, Officer G.V. Vallely, answering the broadcast sent by Marshall, entered the lobby and was met by the suspect who alleged that he had been attacked and was being chased by someone with a gun, whereupon Officer Marshall came in from the kitchen area of the hotel where he found an orange brown jacket and unmistakably recognized the suspect as the man whom he had pursued from the expressway. After informing Officer Vallely of this fact, the suspect was arrested. Both officers identified the appellant as the suspect they arrested at the Hilton Inn during trial.

From the foregoing recital of facts, we are of the opinion that the circumstances constituted sufficient probable cause to justify the appellant's arrest. See, *Bradfield v. State*, 648 P.2d 1239 (Okl.Cr.1982).

Furthermore, we are of the opinion that statements made by the appellant to the police were not incriminating,[1] as he testified to substantially the same facts at trial, there can be no prejudice. This Court has held in *Williams v. State*, 648 P.2d 843, 845 (Okl.Cr.1982), that:

the truck, telling him that he had wrecked it, a fight ensued. The appellant further stated that his friend's companion next pulled a gun on him and began shooting and the appellant fled into the lobby of the Hilton Inn.

---

1. At trial, the appellant claimed that he had been playing poker with a friend at the Hilton Inn on the evening of the burglary and that he had lent his stepfather's truck to a friend. He then said that when his friend returned without

If the waiver of one's privilege against self-incrimination is knowing and voluntary and the defendant decides to confess; it may be used against him at trial. Thus, this assignment of error is without merit.

■ The appellant further assigns error by alleging that the trial court erred by failing to swear the jury prior to the start of the trial according to 22 O.S.1981, § 601. A review of the record, however, shows that the appellant made no objection at trial concerning the court's failure to swear the jury.[2] This Court has stated in *Boyd v. State,* 97 Okl.Cr. 331, 263 P.2d 202 (1953), that:

> Where irregularities occur in the selecting, summoning, and impaneling of a jury, it is incumbent upon the defendant, or his counsel, to interpose his objection at the proper time, and it is waived if it is raised for the first time after verdict, unless it is clearly shown that his substantial rights have been prejudiced.

Furthermore, the appellant has not specifically alleged this assignment of error in his motion for new trial and petition in error, thus, he has waived any objections as this assignment of error is not properly preserved for appeal. See, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982); and *Chronister v. State,* 538 P.2d 215 (Okl.Cr. 1975), respectively.

■ Additionally, we are of the opinion that had this assignment of error been properly preserved for review, it would have no basis for relief. In *Goforth v. State,* 595 P.2d 813 (Okl.Cr.1979), this Court

has held that when the verdict of the jury, as in this case, states, "we the jury drawn, impanelled and sworn in the above entitled cause do upon oaths find the defendant guilty," and is signed by the jury foreman, there is sufficient ground to find that the jury was sworn according to law. Accordingly, this assignment of error is without merit.

■ In his third assignment of error, the appellant alleges that he was prejudiced by comments made by the prosecutor during his closing argument.[3] A careful review of the record discloses that the appellant neither objected to the comments at trial, nor requested that the jury be admonished to disregard the remarks. This Court has stated in *Hill v. State,* 589 P.2d 1073 (Okl. Cr.1979), that:

> [A] defendant must not only object to alleged improper remarks, he must go further and move the court to exclude such remarks from the consideration of the jury, unless the error could not be cured by a withdrawal of the remarks.

Thus, this assignment of error is not properly preserved for appellate review.

■ Although this Court does not condone the comments made by the prosecutor in the instant case, sentence modification as requested by the appellant is not necessary, as the appellant received almost the minimum sentence required by law and evidence of his guilt is overwhelming. It does not appear that undue prejudice resulted from the prosecutorial comments. Accordingly, this assignment of error is without merit.

---

**2.** The record shows that after the jury was selected, the trial court excused the jury members and conducted an in-chambers hearing on the appellant's motion to compel the State to conduct a lineup. At the conclusion of the hearing, the prosecutor began his opening statement to the jury panel.

**3.** The prosecutorial comments which the appellant now assigns error are as follows:

Russell Gordon Woods was a burglar and is a burglar, he was a burglar when he was sentenced on the 19th day of November, 1976, to four years in the Department of Corrections. He was a burglar when he was

sentenced on the 11th day of April, 1978, to seven years in the Department of Corrections and he was a burglar on January 22nd, 1981, when he broke into the Heritage Coin Shop and I want you to teach Russell Gordon Woods that we don't want him out burglarizing anymore, I want you to show him, I want you to tell him, I want you to tell the Department of Corrections that you want him placed in their custody and control, for, you know, if it takes 10,000 years to keep Russell Gordon Woods out from burglarizing places, I want you to tell them that and I think you will. (Tr. 487).

As his final assignment of error, the appellant alleges that should this Court find no aforementioned assignments of error to be reversible, that the accumulation of error requires modification of his sentence to the minimum as provided by law. We do not agree. This Court has consistently held that where there is no individual error, there can be no error by accumulation. *Hawkes v. State,* 644 P.2d 111 (Okl.Cr.1982). Accordingly, this contention is without merit.

The judgment and sentence is hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.